Mr Justice Duvall
 

 delivered the opinion of the Court.
 

 This case is brought up by appeal from a.decree of the circuit court for the district of Maryland, sitting as a court of equity; and is submitted on written argument. The principal facts are .the follovving. ■
 

 . Bennett Darnall,. late of Anne-Arundel county, Maryland, on the 4th day of August 1810, duly made and executed his last will and testament, and thereby devised to his son, the appellee, several tracts of land in fee,, one of which was called Portland Manor,* containing by estimation five. hundred and ninety six acres. The mother of Nicholas Dar-nall was the slave of the testator, and Nicholas was born the slave of his father, ánd was between ten-and eleven years, old at the time of.-the death' of the testator. Bennett Darnall, in his will”, refers to and confirms ,two deeds of manumission executed-' by himone bearing date in . 1805, and the other in i 810. In both of those deedS) Nicholas Darnall and.a numher of . other slaves were included, and emancipated after his decease. The testator died in the month of January 1814.
 

 ‘Nicholás.Darnall, on his arrival to full, age, took possession of the property devised to him, andón the 26th of April 1826 he entered into a contract with Le Grand the appellant for ¿he‘sale of the tract called Portland Manor for the consideration of twenty-two dollars per'acre, amounting-to the sum of thirteen thousand one hundred and twelve dollars,
 
 *668
 
 payable by agreement, in six annual payments with interest. Le Grand passed his' notes pursuant" to the terms. of the agreement, and received' the bond of Darnall to convey to him the property in fee simple upon payment of the purchase money. Le Grand was thereupon put into possession of the land. At the time the contract was made, the parties believed the title to the land to be unquestionable. Soon af-terwards, however, doubts were suggested to Darnall, and he communicated them to Le Grand, and' they entered into a supplementary and conditional agreement, without varying in substance the original contract., Darnall was not more than ten or eleven years of age at the time of the death of his father; and, by a law of the state of Maryland, it is provided that no manumission by last will and testament shall be effectual to give -freedom to any slave, unless-the. said slave shall be under the age of forty-five years, and able to work and gain a sufficient maintenance and liyélihood at the time the freedom intended to be given shall take place.-
 

 A decision had lately been made by the court of appeals • of Maryland, in the' case of Hamilton vs. Cragg, that an infant (wh'ose age did not exceed two years when his title-to freedom, commenced) was not able to work and gain a sufficient maintenance and livelihood, arid was therefore adjudged to be a slave.; This decision of th.e highest court-of Jaw. in the state gave rise to doubts concerning the capability of the appellee to make a good title to the land which he. had sold to the appellant. . J>a-rnall deposited the amount of the first payment, that is to say ‡3000, in the hands of Ben-: jamin Tucker of Philadelphia, to be held, with, the consent of the appellant subject to the result of an examinatioh into the title. In consequence of. the decision of the court of appeals of Maryland; the heir at law of Bennett Darnall, the' testator, made claim to the, land, and threatened to commence suit for the recovery' of it. Le Grand being alarmed about the title, refused to make any further payment; and an action was commenced against him, and judgment recovered for the second payment. To prevent an execution and to ascertain, under a[l the circumstances of the case, whether the appel-lee could make a good title to the land which he had sold
 
 *669
 
 to him, he filed his bill of complaint in equity,' in the; circuit court, stating the circumstances, and obtained an injunction against any further'proceedings at law. The appellee put in his.answer, admitting all the facts stated in the bill, except that of his inability to gain a maintenance and livelihood.by labour, when his right to freedom commenced.. The. case Was submitted to the court upon the. bill, answer, exhibits arid, proof which had been- taken ; and the court, upon due consideration, ordered, the injunction to be dissolved, and decreed the bill to be dismissed. . From this decree;.an appeal was taken to this Court, and- the cause is now to be finally decided.
 

 There is-one. question only to be discussed. If the appel-lee, at the time Of the death of the testator, was entitled to his freedom under the will and déeds of manumission before mentioned, then his title to the land sold was unquestionable. His claim to freedom Under the instruments above referred to depends upon a just construction of the act of the legislature of Maryland, passed in.theyéar 1796,ch. 47, sect. 13.
 

 The words of the act are these: “ that all persons capable in law to make a valid will and testament, may grant freedom to, and effect the manumission of any slave or sktve.s belonging to. such person or,persons, by his, her or their last will .and testament; and such manúmissipff of any slave or slaves may be made'to take effect at the death of the testator pr testators,. Or at such other period as may be limited in such last will and testament; provided always, that no mar nurhission by last will and testament, shall. be-, effectual to give freedom to any slave or, slaves,-if the.same shall be to prejudice of creditors'; nor unless .the said- slave or ¿laves shall be under the -age" of forty-five years, and
 
 able to work and g.ain a sufficient maintenance and livelihood
 
 át the time the freedom given shall commence.”. The
 
 time
 
 of the free: dom of the -appellee commenced" immediately after the death of the testator, when, according to the evidence he was about eleven years old. . Four respectable witnesses of. the neighbourhood were examined. They all agree in their testimony, that Nicholas was' weW grown, healthy and intejii ■ gent, and of good bodily ancf 'mental capacity: that he auu
 
 *670
 
 ..his brother Henry could readily, have found employment, ■either as house servant boysj or on a farm, or as apprentices; and that they were able to. work and gain a livelihood. The Itestator.devised to each of them real and personal estate to a considerable amount. They had'guardians appointed, were well .educated and Nicholas is now living in affluence. Experience' has proved that he was able to work', and gain a súfficient:ffiáintenanee and livelihood.. No doubt as to the fact has év.ér been entertained by any who. know him; Of course,. h_e was capable iri law to Sell arid- dispose of the whole or any part of his estate, and to execute the necessary instruments of writing to ■convey, a sufficient title, to the purchase'.
 

 The court of appeals of Maryland, iri the cáse of Hale
 
 vs. .
 
 Mullin',/decided, that a devisé of property real, or personal by a master to his slave, entities .the slave to his freedom by . necessary implication. This Court entertains the same opinion.
 

 ' It is not-the -iriclinati'ón of this Court to express any opinion as to the correctness of the- decision of-the court of appeals of Máryíandj in the.case of Hamilton vs. Cragg. it is un- ■ necessary in reference do the case under consideration.,
 

 -The decree of the circuit court is;affirmed; and by Consent, of parties without costs..
 

 This cause came on to be heard on the ‘transcript of the record from the circuit, court of the United States for. the district of Maryland, and was argued by counsel; on consideration whereof, iit is considered, ordered and decreed by this Court, that the decree of the said circuit, court in this Cause be and the sarne is hereby affirmed without costs.