DURHAM, Appellant, v. DURHAM, Respondent.

1. It is not necessary, in every case where an issue is raised as to the freedom or slavery of a person of color, that his freedom should be proved by showing a strict compliance with the statutory requirements in respect to emancipation. In suits other than those for freedom, admission of the former owner that he had set the alleged slave free, and even presumptions, may be resorted to to establish the alleged freedom.

*Appeal from St. Louis Land Court.*

This was an action for partition of certain premises in the city of St. Louis. The petition asserts a common title in

said premises in plaintiff, Hilary Durham [alias Dearing] and in the defendant, his mother, Henny Durham. Both plaintiff and defendant are free persons of color. Plaintiff claims title in himself and asserts the same in defendant, by descent, through Matilda Durham, a sister of plaintiff and daughter of defendant. Defendant. in her answer denies that said Matilda died seized of the premises, and alleges that said Matilda was her slave. At the trial a deed of conveyance to said Matilda from one Buckingham was introduced. Defendant introduced evidence showing that said Matilda had been a slave and had been bought by her mother. Plaintiff, to prove an emancipation of said Matilda by her mother, introduced one Smith as a witness, who testified that the defendant " had told him that Matilda Bartlett had been a slave, but she, defendant, had bought her and set her free." This was before the sale by Buckingham to said Matilda. It appeared also from the testimony of this witness, that he had paid rent of the premises to defendant as agent for her daughter Matilda. This was the only evidence tending to show an act of emancipation by defendant. The court, at the instance of plaintiff, gave the following instructions : " 1. If the jury believe from the evidence that Matilda was a slave of defendant, but also find from the evidence that she was manumitted by defendant, they will find for the plaintiff. 2. If the jury believe from the evidence that Matilda Bartlett was, at the time of the execution of the deed from Edward M. Buckingham and wife to her, a free woman, they will find for the plaintiff."

At the defendant's instance, the court gave the following instructions : " 1. If the jury believe from the evidence that Matilda Bartlett was ever the slave of the defendant, Henny Dearing, at any time, this condition of slavery is presumed to continue to exist, unless the plaintiff proves that the said Matilda acquired her freedom from the said Henny Dearing, the defendant, by emancipation, or from some one who held the said Matilda from the said Henny. 2. The admission by the defendant, Henny, to the witness, Benjamin W. Smith,

that she, Henny, had set Matilda Bartlett free, is no proof of Matilda's freedom, but said fact must be proven by an act of a court of competent jurisdiction emancipating the said Matilda according to the statute laws of this state, if the jury should believe said emancipation was done in this state."

The jury found for defendant.

*A. J. P. Garesché* for appellant.

I. Emancipation must not necessarily be proved by a record. There may be a presumption that the law has been complied with. A devise to a slave entitles him to freedom by implication. (Legrand v. Donnell, 2 Pet. 670 ; see 2 Pet. 191 ; Burke v. Negro Joe, 6 Gill & Jo. 136 ; Anderson v. Garnett, 9 Gill, 135 ; 9 Ired. 168 ; Nancy v. Snell, 6 Dana, 155 ; Naylor v. Hays, 7 B. Mon. 478 ; Henderson v. Jason, 9 Gill, 483.) An act of emancipation may be presumed although it can be made only by an act of the legislature. (Miller's Adm'r v. Reigne, 2 Hill., S. C., 592 ; 2 Strobh. 536 ; see also generally Ralph v. Duncan, 3 Mo. 94, 194 ; Renick v. Chloe, 7 Mo. 197 ; 9 Mo. 170 ; Charlotte v. Chouteau, 25 Mo. 465.) Besides, a slave can not be held by a free person of color. (Davis v. Haynes, 18 Mo. 249 ; Bryan v. Walton, 14 Georg. 197.) The deed or bill of sale of the child to its mother would operate as the extinguishment of the child's servitude. (See Tudal v. Hudson, 2 Harring. 441 ; Wilson v. Waples, 3 Harring. 270.) At least as against the mother in this case there is a presumption of the child's freedom.

*H. N. Dedman*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

It is generally true that a slave can only be manumitted by pursuing the course adopted by the statute. If one is detained in slavery, and claims his freedom on the ground of his having been manumitted, that act should be proved with the necessary formalities in order to establish his right to freedom. It is not necessary here to go into an examination

33—VOL. XXVI.

of the circumstances under which a deed of emancipation will be presumed. But the question as to the status of colored persons arises in various other suits than in those for freedom. We have free colored persons among us. They are subject to the laws, and in return are entitled to their protection. Everybody knows that they are free and so regards them. They acquire property and contract as free persons. Under such circumstances no policy is subserved in suffering those who deal with them, when a resort to litigation becomes necessary, to exact strict proof that they have been freed in conformity to law. In many of the states, although the statutes point out a particular mode by which emancipation shall be effected, yet the courts have allowed slaves to be manumitted by implication and their right to freedom to be sustained by presuming a deed of emancipation. The case of Burke v. Negro Joe, 6 Gill & John. 138, was one for freedom. There, it was insisted for the master that a negro once a slave can make out his right to freedom against his former owner only by showing a manumission by deed, or last will and testament, made according to the acts of assembly in such cases provided. The court held that the general doctrine of presumption, as applied to patents, deeds, &c., is too well established now to require an examination, although directed by law to be recorded within a limited time, and to have no legal effect unless such requisites are complied with ; and that there was no reason why the indulgence of the presumption should not be extended to deeds of manumission. (Henderson v. Jason, 9 Gill, 483.) In the case of Legrand v. Donnell, 2 Pet. 664, arising under the laws of Maryland, the supreme court held that a devise of property to a slave by his master entitled a slave to his freedom by necessary implication. (Hall v. Mullen, 5 Har. & John. 184.) In North Carolina it was necessary to petition the courts for leave to emancipate slaves. Leave was granted upon filing the necessary bond. A bond never was filed ; after a great lapse of time it was held that a bond might be presumed. (Cully v. Jones, 8 Iredell, 168.) In

the state of South Carolina, in the case of Miller v. Reyne, 2 Hill, 592, it was held that a deed of manumission might be presumed.

The foregoing cases have been cited to show that the rule is not universal, that, where the law points out a mode by which emancipation shall be effected, that proof of freedom can be established in no other way—a rule which, if inflexible, would prove a great hardship in many cases, when we consider that it is a legal presumption that every negro is a slave when his condition or state is the subject of inquiry.

Under the circumstances of this case the court was not warranted in giving the instructions asked by the defendant. The case should have gone to the jury on the instructions given at the instance of the plaintiff.

The judgment is reversed and the cause remanded; Judge Richardson concurring; Judge Napton concurs in reversing.